**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

BRIAN T. STEPP,

      :

    Petitioner,                          Case No. 1:10-cv-282

      :           District Judge Sandra S. Beckwith

  -vs-                                Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional
  Institution,

      :

    Respondent.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 15) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 14) which recommended that the Petition be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner Brian Stepp was convicted of kidnaping and raping three prostitutes in Hamilton, Ohio, in November, 2003. In each of the incidents, the victim got into Mr. Stepp's red car thinking she was negotiating with a "trick." In each case, Stepp then impersonated a police officer and raped the victim. Stepp was tried on these charges in 2007 after he was extradited from England. He challenges only his conviction as to victim Carrey Tidmore.

Stepp pleads one ground for relief:

    **Ground One:** Trial counsel provided constitutionally ineffective

> assistance of counsel when he failed to timely notify the trial court of his intent to offer evidence covered by Ohio's Rape Shield statute. Counsel's failure to perform in an objectively reasonable manner caused actual prejudice. Had Mr. Stepp been permitted to confront his accuser, Ms. Carrey Tidmore, she would have been discredited as a witness, and Mr. Stepp would not have been convicted of the crimes that she alleged.

(Petition, Doc. No. 1, PageID 16.)

Stepp raised this claim on direct appeal[1] and the Ohio Court of Appeals held that Stepp's counsel's failure to make a rape shield motion before trial did not prejudice Stepp because (1) the evidence was clearly excludeable under the Ohio rape shield statute and (2) even if the evidence had been admitted, it would not have affected the outcome. *State v. Stepp,* 2008 Ohio 4305, ¶¶ 39-56, 2008 Ohio App. LEXIS 3613, *13-19 (Ohio App. 12th Dist. Aug. 25, 2008). The Report concluded that the Court of Appeals decision was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), and was therefore entitled to deference.

### Objections

Stepp's first objection is that the Report treats his single ground for relief as if it were two separate grounds, ineffective assistance of trial counsel and violation of the Confrontation Clause (Objections, Doc. No. 15, PageID 1015). The Report spends considerable time analyzing the Confrontation Clause questions because the claim was presented in that way to the Ohio Court of Appeals and Petitioner spent considerable time arguing that constitutional question (Traverse, Doc.

---

[1] Stepp's direct appeal actually raised ineffective assistance of trial counsel and a violation of the Confrontation Clause in the same third assignment of error. That assignment is quoted at Report, Doc. No. 14, PageID 994.

No. 10 PageID 971-976).

The Report should have been clearer in its logic. If it is the case that there was no Confrontation Clause violation in excluding the sex-with-probation-officer testimony (and the Report concludes there was not), then trial counsel's performance cannot have caused any such violation.

Stepp's second objection is that "the ulterior motive evidence would have established that Ms. Tidmore fabricated the allegations against Mr. Stepp." (Objections, Doc. No. 15, PageID 1017.) This ulterior motive theory has become even more fanciful in the Objections. It now goes as follows:

> Mr. Stepp's theory is that Ms. Tidmore fabricated the allegations against Mr. Stepp to help police obtain a conviction. Ms. Tidmore did this so that she could curry favor with the police. That is, she fabricated the allegations so that she could continue to use drugs without being violated or arrested.

(Objections, Doc. No. 15, PageID 1018.) The evidence would have been that Ms. Tidmore obtained the ability to continue to use drugs during the summer and fall of 2003 by providing sexual favors to her then-probation officer. That scheme depended on the dirty urine samples and the sex being private between Ms. Tidmore and the probation officer. How would helping the police in February, 2004, when she made the accusation or in 2007 when she actually testified help her regain the ability to continue to use drugs without being "violated"? Does Stepp contend that the police, with whom the favor supposedly was being curried, were going to tell her new (uncorrupted) probation officer to ignore dirty urine samples or other acts of prostitution? Did they actually do so in the three years between accusation and trial?

It was quite reasonable for the court of appeals to conclude Stepp's rationale for the "ulterior

-3-

motive" evidence was a barely-disguised attempt to use the corruption of the probation officer as general credibility evidence against Ms. Tidmore. Given that, exclusion of the evidence did not violated the Confrontation Clause. In any event, the court of appeals determined that it was not trial counsel's failure to raise the issue pretrial which kept the evidence out, but the fact that the evidence would have been inadmissible even if he had brought the pretrial motion.

It is therefore again respectfully recommended that the Petition be dismissed with prejudice.

August 22, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).