# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN T. STEPP,

    Petitioner,

Case No. 1:10-cv-282

  -vs-

District Judge Sandra S. Beckwith
Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional
  Institution,

    Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 17) to the Magistrate Judge's Supplemental Report and Recommendations (the "Supplemental Report," Doc. No. 16).

### Magistrate Judge's Authority to Supplement a Report

The Objections begin with a frontal assault on this Court's July 25, 2011, General Order of Assignment and Reference for the Dayton location of court (the "General Order"). The Objections acknowledge that the Supplemental Report was filed in accordance with the General Order, but assert that Order "conflicts with the non-delegable, constitutional and statutory requirements vested in an Article III district judge" (Objections, Doc. No. 17, PageID 1029).

The relevant portion of the General Order provides:

**Recommital**

> In any case in which a party files objections to a report and recommendation of a Magistrate Judge or an appeal from a decision of a Magistrate Judge, the assigned Magistrate Judge is authorized by this Order, pursuant to Fed. R. Civ. P. 72(b), to reconsider and, if deemed advisable by the Magistrate Judge, to file a supplemental report and recommendation or supplement decision.

Although the quoted language is from the recent revision of the General Order that was made to reflect the appointment of The Honorable Michael J. Newman as Magistrate Judge in Dayton, similar language has appeared in the Dayton General Order of Assignment and Reference since at least the version filed January 13, 2003.

Petitioner's statutory arguments claim the General Order violates the Magistrates Act, 28 U.S.C. §§ 631-639. He accurately quotes that portion of § 636(b)(1) which reads "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (Objections, Doc. No. 17, PageID 1031). He then goes on to argue: (1) a petitioner has a right to de novo review by a district judge, (2) district courts are constitutionally obliged to review the work of magistrate judges, and (3) because magistrate judges are creatures of statute, the ultimate decision "must be made by the Article III judge." *Id.* at PageID 1032.

All of these propositions are correct, but they do not support Petitioner's conclusion that supplemental reports violate the statute. First of all, the Magistrates Act itself, in the very section quoted by Petitioner, provides that a district judge may recommit a matter to a magistrate judge after objections are made. 28 U.S.C. § 636(b)(1)(C). Nothing in the statute prohibits recommittal by general order as opposed to ad hoc recommittal.

Secondly, nothing about the filing of a supplemental report obviates the district judge's

power and duty to review *de novo* every objection made to the original report as well as any made to the supplemental report. A magistrate judge's report and recommendations on a dispositive motion does not "rule" on anything; rather, it recommends a ruling to a district judge. Nothing in the Magistrates Act suggests a district judge cannot ask a magistrate judge whether he or she stands by the original recommendation in light of a litigant's objections. Indeed, § 636(b)(1)(C) expressly permits such a recommital. The practice of obtaining that reaction to objections by way of a supplemental report protects litigants from having such reactions communicated privately between the judges involved, rather than on the record.[1]

While Petitioner claims the General Order is unconstitutional, he makes no argument in support of that claim; his argument is limited to the statute.

## Substantive Objections

The Magistrate Judge does not believe additional analysis of the Petitioner's substantive claims is required.

September 1, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1] The Magistrate Judge has heard of the practice (in some other judicial districts) of having magistrate judges draft, for district judge signature, orders adopting reports and recommendations after objection. This practice is strongly opposed by the Judicial Conference of the United States and by the Federal Magistrate Judges Association. Whether the opposition has eliminated the practice or merely driven it underground is unknown.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).